**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION**

| | |
|---|---|
| X-CALIBER FUNDING LLC, as servicer for XCAL 2019-IL-1 MORTGAGE TRUST, a New York trust, | |
| Plaintiff, | |
| v. | Case No. _____ |
| EL PASO HCC, LLC; FLANAGAN HCC, LLC; KEWANEE AL, LLC; KNOXVILLE AL, LLC; LEGACY ESTATES AL, LLC; MARIGOLD HCC LLC; MONMOUTH AL LLC; POLO LLC; EL PASO HCO, LLC; FLANAGAN HCO, LLC; CYE KEWANEE HCO, LLC; CYE KNOXVILLE HCO, LLC; LEGACY HCO, LLC; MARIGOLD HCO, LLC; CYE MONMOUTH HCO LLC; AND POLO HCO, LLC, each an Illinois limited liability company, | Judge _____ |
| **DOES 1-12**, the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or entities, if any, having or claiming an interest in or lien upon the mortgaged premises described in the complaint | |
| Defendants. | |

## <u>VERIFIED COMPLAINT</u>

Plaintiff X-Caliber Funding LLC in its capacity as servicer for U.S. Bank, N.A., as trustee of XCAL 2019-IL-1 MORTGAGE TRUST ("<u>Plaintiff</u>") files this Verified Complaint for breach of contract and to foreclose the Mortgages (as defined below) hereinafter described and

joins the following parties as Defendants: El Paso HCC, LLC; Flanagan HCC, LLC; Kewanee AL, LLC; Knoxville AL, LLC; Legacy Estates AL, LLC; Marigold HCC LLC; Monmouth AL LLC; Polo LLC; El Paso HCO, LLC; Flanagan HCO, LLC; CYE Kewanee HCO, LLC; CYE Knoxville HCO, LLC; Legacy HCO, LLC; Marigold HCO, LLC; CYE Monmouth HCO LLC; Polo HCO, LLC; and Does 1 to 12 (collectively, "Defendants" and each a "Defendant"). Plaintiff alleges as follows.

## NATURE OF THE CASE

1.      Defendants El Paso HCC, LLC; Flanagan HCC, LLC; Kewanee AL, LLC; Knoxville AL, LLC; Legacy Estates AL, LLC; Marigold HCC LLC; Monmouth AL LLC and Polo LLC (collectively, "Owner Defendants" and each an "Owner Defendant") are owners of real property on which Defendants El Paso HCO, LLC; Flanagan HCO, LLC; CYE Kewanee HCO, LLC; CYE Knoxville HCO, LLC; Legacy HCO, LLC; Marigold HCO, LLC; CYE Monmouth HCO LLC and Polo HCO, LLC (collectively, "Operator Defendants" and each an "Operator Defendant") operate skilled nursing and assisted living facilities in Illinois.

2.      Plaintiff is a senior secured creditor of one or more Defendants and holds a first-priority security interest in and lien on substantially all of such Defendants' assets.  Defendants are in default under their loan agreements with Plaintiff with a current outstanding balance in excess of $34 million.

3.      This is an action for breach of contract, foreclosure and enforcement of security interests.

## PARTIES

4.      Plaintiff is servicer for U.S. Bank, N.A., a national banking association, as trustee of the XCAL 2019-IL-1 MORTGAGE TRUST, established under the laws of New York (in its

2

capacity as lender and as ultimate assignee of the original lender X-Caliber Funding LLC, "Lender").

5.      Each Owner Defendant and Operator Defendant is an Illinois limited liability company.

6.      The sole member of Owner Defendants El Paso HCC, LLC; Flanagan HCC, LLC; Marigold HCC LLC; and Polo LLC is Petersen Health Care X, LLC ("Petersen Health Care X"). Petersen Health Care X is an Illinois limited liability company and its sole member is Mark Petersen, a resident of Illinois.

7.      The sole member of Owner Defendants Kewanee AL, LLC; Knoxville AL, LLC; Monmouth AL LLC; and Legacy Estates AL, LLC is Petersen Health Systems, Inc. ("Petersen Health Systems"). Petersen Health Systems is an Illinois corporation wholly owned by Mark Petersen and Dave Petersen, both residents of Illinois.

8.      The members of each of the following Operator Defendants are Mark Petersen, a resident of Illinois, and the following Illinois corporations:

     a.      El Paso – PHC, Inc. for El Paso HCO, LLC

     b.      Flanagan – PHC, Inc. for Flanagan HCO, LLC

     c.      Marigold – PHC, Inc. for Marigold HCO, LLC

     d.      Polo – PCH, Inc. for Polo HCO, LLC

     e.      CYE Kewanee – PHC, Inc. for CYE Kewanee HCO, LLC

     f.      CYE Knoxville – PHC, Inc. for CYE Knoxville HCO, LLC

     g.      CYE Monmouth – PHC, Inc. for CYE Monmouth HCO, LLC

     h.      Legacy – PHC, Inc. for Legacy HCO, LLC

9. Each Owner Defendant is the owner of real property on which an assisted living or skilled nursing facility is operated by one of the Operator Defendants.

10. Owner Defendant El Paso HCC, LLC owns the real property located at 850 East 2nd Street, El Paso, IL 61738 (the "El Paso Real Property") on which Operator Defendant El Paso HCO, LLC operates El Paso Health Care Center, a 123-bed licensed skilled nursing facility (the "El Paso Facility").

11. Owner Defendant Flanagan HCC, LLC owns the real property located at 201 East Falcon Highway, Flanagan, IL 61740 (the "Flanagan Real Property") on which Operator Defendant Flanagan HCO, LLC operates Flanagan Rehab & Health Care Center, a 75-bed licensed skilled nursing facility (the "Flanagan Facility").

12. Owner Defendant Kewanee AL, LLC owns the real property located at 141 South Junior Avenue, Kewanee, IL 61443 (the "Kewanee Real Property") on which Operator Defendant CYE Kewanee HCO, LLC operates Courtyard Estates of Kewanee, a 35-bed licensed assisted care living facility (the "Kewanee Facility").

13. Owner Defendant Knoxville AL, LLC owns the real property located at 415 East Main Street, Knoxville, IL 61448 (the "Knoxville Real Property") on which Operator Defendant CYE Knoxville HCO, LLC operates Courtyard Estates of Knoxville, a 32-bed licensed assisting care living facility (the "Knoxville Facility").

14. Owner Defendant Legacy Estates AL, LLC owns the real property located at 1200 West Broadway, Monmouth, IL 61462 (the "Legacy Real Property") on which Operator Defendant Legacy HCO, LLC operates Legacy Estates of Monmouth, a 59-bed licensed assisted care living facility (the "Legacy Facility").

4

15.     Owner Defendant Marigold HCC LLC owns the real property located at 275 East Carl Sandburg Drive, Galesburg, IL 61401 (the "Marigold Real Property") on which Operator Defendant Marigold HCO, LLC operates Marigold Rehab & Health Care Center, a 172-bed licensed skilled nursing facility (the "Marigold Facility").

16.     Owner Defendant Monmouth AL LLC owns the real property located at One Courtyard Boulevard, Monmouth, IL 61462 (the "Monmouth Real Property") on which Operator Defendant CYE Monmouth HCO LLC operates Courtyard Estates of Monmouth, a 51-bed licensed assisted care living facility (the "Monmouth Facility").

17.     Owner Defendant Polo LLC owns the real property located at 703 East Buffalo Street, Polo, IL 61064 (the "Polo Real Property") on which Operator Defendant Polo HCO, LLC operates Polo Rehab & Health Care Center, an 81-bed licensed skilled nursing facility (the "Polo Facility").

18.     The El Paso Real Property, the Flanagan Real Property, the Kewanee Real Property, the Knoxville Real Property, the Legacy Real Property, the Marigold Real Property, the Monmouth Real Property and the Polo Real Property are collectively referred to herein as the "Real Properties" and each a "Real Property".  The El Paso Facility, the Flanagan Facility, the Kewanee Facility, the Knoxville Facility, the Legacy Facility, the Marigold Facility, the Monmouth Facility and the Polo Facility are collectively referred to herein as the "Facilities" and each a "Facility".

19.     Defendants DOES 1-12, the last twelve names being fictitious and unknown to Plaintiff, are the persons or parties intended being the tenants, occupants, persons, or entities, if any, having or claiming an interest in or lien upon the Real Properties.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1) because it is a civil action between citizens of various States within the United States,

and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.     Venue is proper in this district under 28 U.S.C. § 1391(b) because (i) Owner

Defendant Polo LLC owns real property in this district and (ii) Operator Defendant Polo HCO,

LLC conducts its business operations in this district.

## FACTS

**1.  The $40 Million Loan to Owner Defendants and Operator Defendants Secured by a First Priority Lien on Substantially All of Owner Defendants' and Operator Defendants' Assets.**

22.     On or about October 31, 2019, Owner Defendants El Paso HCC, LLC; Flanagan

HCC, LLC; Kewanee AL, LLC; Knoxville AL, LLC; Legacy Estates AL, LLC; Marigold HCC

LLC; Monmouth AL LLC; Polo LLC (collectively, the "Bridge Loan Owner Defendants"),

Operator Defendants El Paso HCO, LLC; Flanagan HCO, LLC; CYE Kewanee HCO, LLC;

CYE Knoxville HCO, LLC; Legacy HCO, LLC; Marigold HCO, LLC; CYE Monmouth HCO

LLC; Polo HCO, LLC (collectively, the "Bridge Loan Operator Defendants") and Lender

entered into: that certain Loan Agreement, as amended by that certain Amendment to Loan

Agreement and Other Loan Documents and Reaffirmation dated as of March 23, 2020 (as

supplemented, modified, amended, restated or replaced from time to time, "Original Bridge Loan

Agreement"). The Original Bridge Loan Agreement was amended and restated by that certain

Amended and Restated Loan Agreement dated as of February 24, 2021 (as supplemented,

modified, amended, restated or replaced from time to time, the "Bridge Loan Agreement"), and

in connection therewith, Lender, Bridge Loan Owner Defendants and Bridge Loan Operator

6

Defendants also entered into that certain (a) Amendment to Loan Documents and Reaffirmation dated as of February 24, 2021 (the "1st Amendment to Bridge Loan Documents"), (b) Second Amendment to Loan Documents and Reaffirmation dated as of November 6, 2022 (the "2nd Amendment to Bridge Loan Documents"), and (c) Third Amendment to Loan Documents and Reaffirmation dated as of November 13, 2023 (the "3rd Amendment to Bridge Loan Documents"). A true and correct copy of the Bridge Loan Agreement is attached hereto as Exhibit A. True and correct copies of the 1st Amendment to Bridge Loan Documents, 2nd Amendment to Bridge Loan Documents, and 3rd Amendment to Bridge Loan Documents are attached hereto as Group Exhibit B.

23.    Pursuant to the Bridge Loan Agreement, Lender provided Bridge Loan Owner Defendants and Bridge Operator Defendants a term loan in the original principal amount of Forty Million and No/100 Dollars ($40,000,000) (the "Bridge Term Loan" and together with all other obligations owed under the Loan Agreement, the "Bridge Loan Obligations").

24.    In connection with the Loan Agreement, Bridge Loan Owner Defendants and Bridge Loan Operator Defendants each executed that certain Promissory Note in the original principal amount of $40,000,000 dated as of October 31, 2019 (the "Bridge Loan Note").  The Bridge Loan Note was originally issued to X-Caliber Funding LLC, subsequently assigned to X-Caliber Depositor LLC and ultimately assigned to the current holder, U.S. Bank, as trustee of Lender.  A true and correct copy of the Bridge Loan Note and the assignments thereof are attached hereto as Group Exhibit C.

25.    Pursuant to Section 3.11 of the Bridge Loan Agreement, Bridge Loan Owner Defendants and Bridge Loan Operator Defendants each granted Lender a security interest in, *inter alia*, all of their Rents (as defined in the Bridge Loan Agreement and which definition is

7

incorporated herein and referred to as "Bridge Loan Rents"), which includes, among other things, all rents, rent equivalents, accounts, cash, issues, profits, charges for services rendered (excluding resident trust funds), and other payment and consideration of whatever form or nature received by or paid to or for the account of or benefit of Bridge Loan Owner Defendants, Bridge Loan Operator Defendants, or any of their agents or employees from any and all sources arising from or attributable to the Real Properties owned by Bridge Loan Owner Defendants, including all receivables for rendering of services by Bridge Loan Operator Defendants.

26.     Bridge Loan Owner Defendants and Bridge Loan Operator Defendants were required to deposit all such monies in their cash management accounts, over which Lender was provided control rights pursuant to Deposit Account Control Agreements dated as of March 20, 2020 and April 20, 2022 (together, the "Bridge Loan Deposit Account Control Agreements"). True and correct copies of the Bridge Loan Deposit Account Control Agreements are attached hereto as Group Exhibit D.   While another lender was originally granted first priority rights under the Bridge Loan Deposit Account Control Agreements, such lender terminated its rights pursuant to those certain Notices of Change dated as of December 21, 2023 (together, the "Notices of Change").  True and correct copies of the Notices of Change are attached hereto as Group Exhibit E.

27.     UCC financing statements were filed with the Illinois Secretary of State and respective counties where the Real Properties owned by Bridge Loan Owner Defendants are located reflecting the liens of U.S. Bank, as trustee for Lender.  True and correct copies of the recorded financing statements are attached hereto as Group Exhibit F.

28.     Bridge Loan Owner Defendants and Bridge Loan Operator Defendants each granted U.S. Bank, as trustee for Lender, a mortgage on their respective owned Real Property and other assets to secure the Bridge Loan Obligations pursuant to:

(i)     that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants El Paso HCC, LLC and El Paso HCO, LLC with respect to the real property located at 850 East 2nd Street, El Paso, IL 61738 recorded in Woodford County on November 7, 2019 (File No. 1904548);

(ii)    that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Flanagan HCC, LLC and Flanagan HCO, LLC with respect to the real property located at 201 East Falcon Highway, Flanagan, IL 61740 recorded in Livingston County on November 7, 2019 (File No. 2019R-04374);

(iii)   that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Kewanee AL, LLC and CYE Kewanee HCO, LLC with respect to the real property located at 141 South Junior Avenue, Kewanee, IL 61443 recorded in Henry County on November 7, 2019 (File No. 20-1905807);

(iv)    that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Knoxville AL, LLC and CYE Knoxville HCO, LLC with respect to the real property located at 415 East Main Street, Knoxville, IL 61448 recorded in Knox County on November 7, 2019 (File No. 1059281);

(v)     that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Legacy Estates AL, LLC and Legacy HCO, LLC with respect to the real property located at 1200 West Broadway, Monmouth, IL 61462 recorded in Warren County on November 8, 2019 (File No. 2019R-2142);

(vi)    that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Marigold HCC LLC and Marigold HCO, LLC with respect to the real property located at 275 East Carl Sandburg Drive, Galesburg, IL 61401 recorded in Knox County on November 7, 2019 (File No. 1059285);

(vii)   that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Monmouth AL LLC and CYE Monmouth HCO LLC with respect to the real property located at

One Courtyard Boulevard, Monmouth, IL 61462 recorded in Warren County on November 8, 2019 (File No. 2019R-2154);

(viii)    that certain Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement dated as of October 31, 2019 by Defendants Polo LLC and Polo HCO, LLC with respect to the real property located at 703 East Buffalo Street, Polo, IL 61064 recorded in Ogle County on November 8, 2019 (File No. 201906436);

(collectively, the "<u>Bridge Loan Mortgages</u>"). The Bridge Loan Mortgages were each originally issued to X-Caliber Funding LLC, subsequently assigned to Hyperion Loan Fund Trust, subsequently assigned to X-Caliber Funding LLC, subsequently assigned to X-Caliber Depositor LLC, and ultimately assigned to the current holder, U.S. Bank, as trustee for Lender. True and correct copies of the Bridge Loan Mortgages and the assignments thereof are attached hereto as <u>Group Exhibit G</u>.

29.    Each Bridge Loan Owner Defendant and Bridge Loan Operator Defendant assigned all of its rents and leases to Plaintiff to secure the Bridge Loan Obligations pursuant to:

(i)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants El Paso HCC, LLC and El Paso HCO, LLC recorded in Woodford County on November 7, 2019 (File No. 1904549);

(ii)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Flanagan HCC, LLC and Flanagan HCO, LLC recorded in Livingston County on November 7, 2019 (File No. 2019R-04375);

(iii)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Kewanee AL, LLC and CYE Kewanee HCO, LLC recorded in Henry County on November 7, 2019 (File No. 20-1905808);

(iv)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Knoxville AL, LLC and CYE Knoxville HCO, LLC recorded in Knox County on November 7, 2019 (File No. 1059282);

(v)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Legacy Estates AL, LLC and Legacy HCO, LLC recorded in Warren County on November 8, 2019 (File No. 2019R-2143);

(vi)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Marigold HCC LLC and Marigold HCO, LLC recorded in Knox County on November 7, 2019 (File No. 1059286);

(vii)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Monmouth AL LLC and CYE Monmouth HCO LLC recorded in Warren County on November 8, 2019 (File No. 2019R-2155);

(viii)    that certain Fee and Leasehold Assignment of Leases and Rents dated as of October 31, 2019 by Defendants Polo LLC and Polo HCO, LLC recorded in Ogle County on November 8, 2019 (File No. 201906437);

(collectively, the "Bridge Loan Assignments of Leases and Rents"). The Bridge Loan Assignments of Leases and Rents were originally issued to X-Caliber Funding LLC, subsequently assigned to Hyperion Loan Fund Trust, subsequently assigned to X-Caliber Funding LLC, subsequently assigned to X-Caliber Depositor LLC, and ultimately assigned to the current holder, U.S. Bank, as trustee for Lender. True and correct copies of the Bridge Loan Assignments of Leases and Rents and assignments thereof are attached hereto as Group Exhibit H.

30.    The current holder of the Bridge Loan Note, the Bridge Loan Mortgages, and the Bridge Loan Assignments of Leases and Rents, U.S. Bank, as trustee for Lender, has provided Plaintiff a power of attorney to carry out this proceeding, a copy of which is attached hereto as Exhibit I. Plaintiff brings this action solely in its capacity as servicer for the current trustee holder of the Bridge Loan Note, the Bridge Loan Mortgages, and the Bridge Loan Assignments of Leases and Rents, and not in its individual capacity.

    **2.    The Bridge Loan Has Matured and Bridge Loan Owner Defendants and Bridge Loan Operator Defendants Have Failed to Repay the Bridge Loan Obligations.**

31.    In December 2023, Bridge Loan Owner Defendants and Bridge Loan Operator Defendants informed Plaintiff that they were subject to a ransomware attack in October 2023 that

caused them to lose access to their billing systems for a number of facilities. Bridge Loan Owner Defendants and Bridge Loan Operator Defendants failed to inform Plaintiff until months later (December 2023) and claim that their finances had been crippled by the attack.

32. Events of Default occurred under the Bridge Loan Agreement as a result thereof, and on December 29, 2023, Plaintiff accelerated the Bridge Loan Obligations under the Bridge Loan Agreement. A true and correct copy of the acceleration notice is attached hereto as Exhibit J.

33. As of January 22, 2024, at least $31,238,011.09 was due and owing by Bridge Owner Defendants and Bridge Operator Defendants under the Bridge Loan Agreement. Interest, fees and costs continue to accrue under the Bridge Loan Agreement.

## COUNT I – BREACH OF CONTRACT – BRIDGE LOAN AGREEMENT

34. Plaintiff realleges and incorporates by reference the preceding paragraphs 1-33 as if set forth fully herein.

35. Pursuant to the Bridge Loan Agreement, Bridge Loan Owner Defendants and Bridge Loan Operator Defendants were required to pay the Bridge Loan Obligations in full upon acceleration.

36. Bridge Loan Owner Defendants and Bridge Loan Operator Defendants failed to timely pay the Bridge Loan Obligations in full upon acceleration.

37.    As of January 22, 2024, the Bridge Loan Obligations totaled $31,238,011.09, plus additional fees, costs and interest that continues to accrue thereon.

38.    As a proximate result of Bridge Loan Owner Defendants' and Bridge Loan Operator Defendants' breach of their payment obligations under the Bridge Loan Agreement, Lender has been damaged in an amount not less than $31,238,011.09, plus all accrued and accruing interest, fees and costs.

## COUNT II – FORECLOSURE OF THE BRIDGE LOAN MORTGAGES

39.    Plaintiff realleges and incorporates by reference the preceding paragraphs 1-33 as if set forth fully herein.

40.    Bridge Loan Owner Defendants, Bridge Loan Operator Defendants and Defendants Does 1-12 each has or claims to have or may claim to have some interest in or lien upon the Real Properties owed by Bridge Loan Owner Defendants or some part thereof, which interest or lien, if any, is subject and subordinate to the liens provided for in the Bridge Loan Mortgages.

41.    Each Bridge Loan Mortgage provides for foreclosure upon an event of default.

42.    Events of Default have occurred under the Bridge Loan Mortgages.

43.    The conditions for defeasance contained in the Bridge Loan Mortgages have been broken; Lender has complied with any conditions precedent; and Plaintiff is entitled to have the Mortgages foreclosed.

44.    The Real Properties owned by the Bridge Loan Owner Defendants cannot be sold in parcels without injury to the parties.

45.     The Real Properties owned by the Bridge Loan Owners are used for commercial purposes and are not a one- to four-family residence that is owner-occupied, a farm, a church, or a tax-exempt nonprofit charitable organization.

### COUNT III – UCC LIEN ENFORCEMENT WITH RESPECT TO BRIDGE LOAN OWNER DEFENDANTS' AND BRIDGE LOAN OPERATOR DEFENDANTS' RENTS

46.     Plaintiff realleges and incorporates by reference the preceding paragraphs 1-33 as if set forth fully herein.

47.     U.S. Bank, as trustee for Lender, was granted a security interest in all of Bridge Loan Rents.

48.     U.S. Bank, as trustee for Lender properly perfected its security interest in the Bridge Loan Rents by filing financing statements against Bridge Loan Owner Defendants and Bridge Loan Operator Defendants, recording the Bridge Loan Mortgages, recording the Bridge Loan Assignments of Rents and Leases and entering into the Bridge Loan Deposit Account Control Agreements.

49.     U.S. Bank, as trustee for Lender, has all rights of a secured party under the Uniform Commercial Code and is entitled to all remedies afforded to a secured party under the Uniform Commercial Code.

50.     By virtue of Bridge Loan Owner Defendants' and Bridge Loan Operator Defendants' failure to timely pay the Bridge Loan Obligations, Plaintiff is entitled to have its security interest in all the Bridge Loan Rents enforced.

WHEREFORE, Plaintiff respectfully requests judgment be entered in its favor and against Defendants, and that this Court grant Plaintiff the following relief:

(a)     enter judgment on Count I in Plaintiff's favor, in an amount not less than $31,238,011.09, plus all pre-judgment and post-judgment interest, fees and costs, and such other relief as the Court deems equitable and just; and

(b)     enter judgment on Count II in Plaintiff's favor adjudging a good, valid and subsisting first and best lien against the Bridge Loan Real Properties by and in favor of Plaintiff, subject only to real estate taxes and assessments on the Bridge Loan Real Properties, and adjudging that the Bridge Loan Mortgages be foreclosed; that all liens be marshaled; that the equity of redemption of all Defendants be forever cut off and barred; that the Bridge Loan Real Properties be sold in accordance with the law and the orders of this Court; that all Defendants be required to set forth any claim, lien, or interest that he, she, or it may have or claim to have in or on the Bridge Loan Real Properties or be forever barred therefrom; that upon the sale of the Bridge Loan Real Properties, the proceeds therefrom be paid to Plaintiff to satisfy the amount it is owed under the Bridge Loan Note, including, but not limited to, any interest due thereon, together with applicable late charges, advancements, disbursements, and costs expended herein; and that the balance of the sale proceeds, if any, be applied to the payment amounts of other claimants in this proceeding in such order of priority as is determined by this Court; and

(c)     enter judgment on the Count III in Plaintiff's favor enforcing Plaintiff's security interest against the Bridge Loan Rents.

[Signatures on Following Page]

15

Dated: January 23, 2024                    Respectfully submitted,

                                           */s/ Paige B. Tinkham*
                                           Kenneth J. Ottaviano
                                           Ken.Ottaviano@blankrome.com
                                           Paige B. Tinkham
                                           Paige.Tinkham@blankrome.com
                                           BLANK ROME LLP
                                           444 West Lake Street, Suite 1650
                                           Chicago, Illinois 60606
                                           Tel: 312.776.2500

                                           *Counsel for Plaintiff*

## VERIFICATION

I, Jeff Deines, as a Vice President of X-Caliber Funding LLC certify under penalty of perjury that the statements contained in the foregoing Complaint are true based upon my personal knowledge and my review of the relevant documents of X-Caliber Funding LLC.

Signed under the pains and penalties of perjury this 23rd day of January, 2024.