IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | |
|---|---|
| In re:<br><br>ILLINOIS DEBT ACQUISITION COMPANY, L.L.C.,<br><br>         Plaintiff,<br>v.<br><br>EL PASO HCC, LLC, *et al*.<br><br>         Defendants. | Case No. 3:24-cv-50034<br><br>Judges Honorable Iain D. Johnston<br>and Honorable Margaret J. Schneider |

**NOTICE OF MOTION AND MOTION FOR ORDER
SETTING SALE PROCEDURES FOR THE SALE OF DEFENDANTS' ASSETS**

Michael F. Flanagan, not individually, but solely as this Court's Receiver ("Receiver"), by his attorneys, Eugene S. Kraus, Jason R. Sleezer and Haley J. Mulherin of Scott & Kraus, LLC, gives notice that he will move and does hereby move the Court for entry of an order approving the procedures for the sale of the of assets of Owner Defendants as more fully described in the Motion for Order Authorizing Sale of Defendants Assets attached hereto (the "Motion").

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

If you do not want the Court to grant this Motion, you must do *each* of the following within 7 days of presentation of this Motion ("Objection Deadline"):

(1) file a written response to this Motion with the Court at the following address:

 Stanley J. Roszkowski United States Courthouse
 327 South Church Street
 Rockford, IL 61101

(2) send a copy of your response to the Receiver by regular mail to Eugene S. Kraus, Jason R. Sleezer and Haley J. Mulherin at the address below or by email at hmulherin@skcounsel.com, jsleezer@skcounsel.com, and ekraus@skcounsel.com:

> Scott & Kraus, LLC
> Attn: Eugene s. Kraus, Jason R. Sleezer and Haley J. Mulherin,
> Counsel for Receiver
> 150 S. Wacker Drive, Suite 2900
> Chicago, IL 60606

The Court and the Receiver must receive your response by the Objection Deadline. Therefore, if you mail your response to the Receiver and/or the Court, you must mail it early enough so the Court and/or the Receiver will receive it on or before the Objection Deadline. If no response is filed, the Court will decide that you do not oppose the Motion and may enter an Order approving the Motion without further notice or hearing; however, Receiver does request that the Court call this motion for presentation in person and via hybrid remote option on a date after the Objections Deadline.

** REMAINDER OF PAGE INTENTIONALLY LEFT BLANK **

**MOTION**

The Court's Receiver, Michael F. Flanagan (the "Receiver"), by his attorneys, Eugene S. Kraus, Jason R. Sleezer and Haley J. Mulherin of Scott & Kraus, LLC, hereby moves the Court to approve the procedures for the sale of the assets owned by Owner Defendants (as defined in Paragraph 10 below).[1] In support of this Motion, the Receiver states as follows:

**A.     The Receiverships.**

1. Each Owner Defendant is the owner of real property on which an assisted living or skilled nursing facility is operated by one of the Operator Defendants (as defined in Paragraph 10 below).

2. Owner Defendant El Paso HCC, LLC owns the real property located at 850 East 2nd Street, El Paso, IL 61738 (the "El Paso Real Property") on which Operator Defendant El Paso HCO, LLC operates El Paso Health Care Center, a 123-bed licensed skilled nursing facility (the "El Paso Facility").

3. Owner Defendant Flanagan HCC, LLC owns the real property located at 201 East Falcon Highway, Flanagan, IL 61740 (the "Flanagan Real Property") on which Operator Defendant Flanagan HCO, LLC operates Flanagan Rehab & Health Care Center, a 75-bed licensed skilled nursing facility (the "Flanagan Facility").

4. Owner Defendant Kewanee AL, LLC owns the real property located at 141 South Junior Avenue, Kewanee, IL 61443 (the "Kewanee Real Property") on which Operator Defendant CYE Kewanee HCO, LLC operates Courtyard Estates of Kewanee, a 35-bed licensed assisted care living facility (the "Kewanee Facility").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the respective January 25, 2024 Order Appointing Receiver. *See* Doc. No. 8.

5. Owner Defendant Knoxville AL, LLC owns the real property located at 415 East Main Street, Knoxville, IL 61448 (the "Knoxville Real Property") on which Operator Defendant CYE Knoxville HCO, LLC operates Courtyard Estates of Knoxville, a 32-bed licensed assisted care living facility (the "Knoxville Facility").

6. Owner Defendant Legacy Estates AL, LLC owns the real property located at 1200 West Broadway, Monmouth, IL 61462 (the "Legacy Real Property") on which Operator Defendant Legacy HCO, LLC operates Legacy Estates of Monmouth, a 59-bed licensed assisted care living facility (the "Legacy Facility").

7. Owner Defendant Marigold HCC LLC owns the real property located at 275 East Carl Sandburg Drive, Galesburg, IL 61401 (the "Marigold Real Property") on which Operator Defendant CYE Marigold HCO, LLC operates Marigold Rehab & Health Care Center, a 172-bed licensed skilled nursing facility (the "Marigold Facility").

8. Owner Defendant Monmouth AL LLC owns the real property located at One Courtyard Boulevard, Monmouth, IL 61462 (the "Monmouth Real Property") on which Operator Defendant CYE Monmouth HCO, LLC operates Courtyard Estates of Monmouth, a 51-bed licensed assisted care living facility (the "Monmouth Facility").

9. Owner Defendant Polo LLC owns the real property located at 703 East Buffalo Street, Polo, IL 61064 (the "Polo Real Property") on which Operator Defendant Polo HCO, LLC operates Polo Rehab & Health Care Center, a 81-bed licensed skilled nursing facility (the "Polo Facility").

10. On January 25, 2024, Michael F. Flanagan was appointed receiver ("Receiver") of and over Defendants, Defendants El Paso HCC, LLC; Flanagan HCC, LLC; Kewanee AL, LLC; Knoxville AL, LLC; Legacy Estates AL, LLC; Marigold HCC LLC; Monmouth AL LLC; Polo

LLC, (collectively, "Owner Defendants" and each an "Owner Defendant") and Defendants El Paso HCO, LLC; Flanagan HCO, LLC; CYE Kewanee HCO, LLC; CYE Knoxville HCO, LLC; Legacy HCO, LLC; Marigold HCO, LLC; CYE Monmouth HCO LLC; Polo HCO, LLC (collectively, "Operator Defendants" and each an "Operator Defendant") (together, "Operator Defendants" and each an "Operator Defendant" and collectively with Owner Defendants, "Defendants") and all of the assets and operations of Defendants (the "Receivership Assets"). The Receivership Assets include, without limitation, (a) the real property, operations, and personal property collateral located at: (i) 850 East 2nd Street, El Paso, IL 61738; (ii) 201 East Falcon Highway, Flanagan, IL 61740; (iii) 141 South Junior Avenue, Kewanee, IL 61443; (iv) 415 East Main Street, Knoxville, IL 61448; (v) 1200 West Broadway, Monmouth, IL 61462; (vi) 275 East Carl Sandburg Drive, Galesburg, IL 61401; (vii) One Courtyard Boulevard, Monmouth, IL 61462; (viii) 703 East Buffalo Street, Polo, IL 61064; (b) all contract rights of Defendants; (c) all legal and equitable claims of Owner Defendants and Operator Defendants; (d) all accounts of Owner Defendants and Operator Defendants; (e) all banking, brokerage and depository accounts of Owner Defendants and Operator Defendants; (f) all electronic currency accounts of Owner Defendants and Operator Defendants; (g) all Internet payment processor accounts of Owner Defendants and Operator Defendants; (h) all accounts receivable of Owner Defendants and Operator Defendants; and (i) all money, income, earnings and revenue of Owner Defendants and Operator Defendants that have arisen or hereafter arise from operation or disposition of the Receivership Assets. *See* Doc. No. 8. For purposes of this Motion, Receivership Assets excludes certain of items (b) through (i) herein and all other assets, rights and claims not specifically listed herein, or not specifically listed in a notice of sale.

11. Pursuant Paragraph 4(r) of the Order Appointing Receiver, "…Receiver shall have and may exercise the following powers, and such additional powers that are provided by law and that the court may from time to time direct or confer: (s) … conduct a marketing or leasing program with respect to all or a portion of the Receivership Assets, or employ a marketing or leasing agent or agents to do so, direct the leasing or sale of all or portions of the Receivership Assets under such terms and conditions as Plaintiff may in its sole discretion deem appropriate or desirable, provided, however, that Receiver shall seek court approval of any sale of the Receivership Assets outside the ordinary course of business…" *See* Doc. No. 8.

**B.     The Bankruptcy.**

12. On March 20, 2024, SC Healthcare Holding, LLC ("SCHH"), Petersen Health Systems, Inc. ("PHS"), and each of the Defendants filed Chapter 11 bankruptcy petitions with the intention of all assets being sold. Thereafter, SCHH, PHS, Defendants, and other related entities filed a Motion for Joint Administration, and their Chapter 11 cases were consolidated in *In re SC Healthcare Holding, LLC, et al*, Case No. 24-10443 (D. Del.) (the "Bankruptcy Case").

13. Defendants (and others) executed stipulations approved the Bankruptcy Court (the "Stipulations") affirming the Defendants' debt owed to the Plaintiff as well as their lack of any claims, defenses, or right to set-off with respect to the same. *See Bankruptcy Case* Dkt. 340 and 340-1, and Dkt. 44 at Ex. D.

14. The Stipulations also provided Plaintiff with the right to reasonably reject any offer to purchase the Borrowers' assets in certain instances.

15. On July 3, 2024, Plaintiff provided notice of its rejection of the sale. Dkt 610 ¶12.

16. The Defendants further agreed in the stipulations that their assets may be sold by the Receiver in a sale process governed by this Court and its Order Appointing Receiver. That any restrictions present in the sale process in the Chapter 11 Cases could be of no force or effect with

respect to the Receiver's sale process.

17. The Defendants and their advisors further agreed that they shall in good faith, reasonably cooperate with the Receiver's sale process.

18. Finally, in their Status Report of January 23, 2025, the Defendants stated their Bankruptcy cases (and by extension) the stays were suspended to permit the Receiver to proceed with administration of the sale process, as and to the extent authorized by this Court. (See Doc. No. 92).

19. As such, the Receiver and Defendants agree that the Receiver can move forward with the sale without further order of the Bankruptcy Court.

**C.    The Sale Process.**

20. The sale is to comport with procedures as may be required by the Court and statutes such as 28 U.S.C. §§ 2001 and 2002, the Federal Rules of Civil Procedures and all applicable Local Rules and or statues.  By way of this motion, the Receiver seeks Court approval for the sale process set forth below, including a finding that the public sale of the Receivership Assets is consistent with the requirements of Sections 2001 and 2002.

21. The Receiver will engage Intercounty Judicial Sales Corp. ("Intercounty") to assist in providing notice of sale and to conduct a hybrid public sale, to occur on the Courthouse steps and via Zoom, after proper notice and publication have occurred, on a date and time to be scheduled no later than the sixth week after the first date of publication.  The first publication shall occur within one week of the entry of the order on this Motion.

22. Pursuant to 28 U.S.C. §§ 2001 and 2002, a public sale of realty/property may be made where notice is published "once a week for four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state or judicial district of the United States wherein the realty is situated." The Receiver anticipates that notice of public sale for the properties subject to this motion will be placed in one and/or several of the publications for

that four-week period. Receiver will further provide notice to all known creditors and all parties that have expressed interest in the Receivership Assets to Receiver.

23. Property tours will be available to all interested bidders at times to-be-scheduled with the Receiver, and the Receivership Assets may also be shown by appointment. The accuracy of the information solicited by bidders cannot be guaranteed, and prospective bidders are therefore encouraged to complete any desired and non-invasive due diligence at their own expense. Additionally, Receiver will provide information related to the Receivership Assets for review to prospective bidders, including subject to a confidentiality agreement.

24. Bids shall be submitted no later than five (5) weeks after the date first publication occurs and shall be submitted with a signed asset purchase agreement from the bidder. All bids must be irrevocable and may not be subject to conditions or financing contingencies. The asset purchase agreement must include the proposed closing date, all final terms of the bid and all schedules thereto. All bids must include sufficient information, as reasonably determined by the Receiver, to allow the Receiver to determine, in his reasonable business judgment, whether the interested party has the financial wherewithal to consummate the sale. The winning bidder will be required to deposit a sum equal to ten percent (10%) of the purchase price contained in the accepted offer accepted by Receiver to the Receiver's designated title company within one (1) business day after notification of acceptance.

25. Any bid that is accepted by the Receiver process will be subject to and presented to the Court for approval. Any expenses associated with the sale also will be subject to and presented to the Court for approval.

26. The Receiver is moving for Court-approval of the sale procedures that Receiver is authorized to sell as discussed herein.

27. This Motion is being served on all parties of record. Receiver submits that this notice is sufficient under the circumstances and in accordance with the Order Appointing Receiver.

**WHEREFORE**, Receiver requests that the Court enter an order:

i. granting this Motion;

ii. approving a public sale of the Receivership Assets consistent sale procedures set forth herein, by statute and law;

iii. setting a hearing to approve the sale seven weeks after the first publication date; and

iv. granting the Receiver to such other and further relief as is just and equitable.


Dated: January 28, 2025                    Respectfully submitted,


                                           /s/ *Haley J. Mulherin*
                                           One of the Attorneys for
                                           Michael F. Flanagan, Receiver

Eugene S. Kraus - 6201457
Jason R. Sleezer - 6285180
Haley J. Mulherin – 6337751
Scott & Kraus, LLC
150 S. Wacker Drive, Suite 2900
Chicago, IL 60606
(312) 327-1050
ekraus@skcounsel.com
jsleezer@skcounsel.com
hmulherin@skcounsel.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she caused the foregoing to be filed with the Clerk on January 28, 2025 and distributed to all counsel of record via the CM/ECF service list.

/s/ *Haley J. Mulherin*
Haley J. Mulherin